IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DON HENDRICKSON,<br><br>              Plaintiff,<br><br>vs.<br><br>UNITED OF OMAHA LIFE<br>INSURANCE COMPANY,<br><br>              Defendant. | 4:15CV3075<br><br>**MEMORANDUM AND ORDER** |

      The plaintiff, Don Hendrickson, is suing the defendant, United of Omaha Life Insurance Company, for breach of contract stemming from the defendant's denial of payment under a life insurance policy. The defendant has moved to dismiss the complaint. Filing 6. For the reasons set forth below, the motion to dismiss will be granted, but plaintiff will be given until March 3, 2016 to file a motion for leave to amend his complaint.

BACKGROUND

      The plaintiff was married to the now deceased Susan Hendrickson, a former employee of ConAgra, Inc. ("ConAgra"). ConAgra made life insurance available to its employees to provide death benefits to its employees or the employees' beneficiaries. Through this program the defendant issued two life insurance policies (the "Policies") to Susan Hendrickson. ConAgra is the listed owner of both policies.

      After Susan Hendrickson's death, Don Hendrickson made a claim for benefits under the Policies. His claim was denied, and he appealed the defendant's decision through the administrative process established in the Polices. The defendant overruled the appeal and affirmed the denial of the claim.

      Don Hendrickson filed a complaint in the District Court of Douglas County, Nebraska on June 9, 2015. Filing 1-1. Plaintiff's only claim was based on an alleged breach of contract under state law. Defendant promptly removed the action to this Court and moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, defendant argues plaintiff's state law claim for breach of contract is completely preempted by the

Employee Retirement Income Security Act ("ERISA"); therefore, it must be dismissed.

STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)[1], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. While the Court must accept as true all facts pleaded by the nonmoving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party, Gallagher v. City of Clayton, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Iqbal, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. Id. at 679.

DISCUSSION

ERISA applies to an employee benefit plan which is established or maintained:

(1) by any employer engaged in commerce or in any industry or activity affecting commerce; or
(2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or
(3) by both.

---

[1] Pursuant to Fed. R. Civ. P. 12(d) if matters outside the pleading are presented to the Court in conjunction with a motion brought under Rule 12(b), the motion must be treated as one for summary judgment under Fed. R. Civ. P. 56. However, "documents necessarily embraced by the complaint are not matters outside the pleading." Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012). Such documents encompassed by the pleadings include the actual contracts upon which a claim rests. See Gorog v. Best Buy Co., Inc., 760 F.3d 787, 791 (8th Cir. 2014). In this case, the only additional documents considered by the Court are the actual insurance policies upon which Hendrickson's breach of contract claim rests. The Policies are encompassed by the complaint, and the Court need not convert defendant's motion to dismiss into a motion for summary judgment.

29 U.S.C. § 1003(a).

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, *see* ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). ERISA contains a civil enforcement remedy provision enabling plan a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "It is well-established that ERISA's civil enforcement provisions are the exclusive remedies for participants seeking to recover benefits under an ERISA plan" and any state law claims relating to a plan governed by ERISA are preempted. *Johnson v. U.S. Bancorp*, 387 F.3d 939, 942 (8th Cir. 2004) (internal citations omitted).

Plaintiff does not argue the Polices were not originally subject to ERISA, and with good reason. The Policies were established and maintained by Susan's former employer, and provided benefits in the event of her death. Such group life insurance policies are controlled by ERISA. *See Phillips-Foster v. UNUM Life Ins. Co. of Am.*, 302 F.3d 785, 794 (8th Cir. 2002) (citing 29 U.S.C. §§ 1001-1461).

Rather, plaintiff asserts the parties contracted around ERISA by including choice of law provisions which state: "This policy is issued in and is subject to Nebraska law." This argument is without merit. "[P]arties may not contract to choose state law as the governing law of an ERISA-governed benefit plan." *Prudential Ins. Co. of America v. Doe*, 140 F.3d 785, 791 (8th Cir. 1998). The Policies in this case are subject to ERISA and the inclusion of a choice of law provision cannot serve as a waiver of ERISA's broad preemptive power. *See In re Sears Retiree Grp. Life Ins. Litig.*, 90 F. Supp. 2d 940, 951 (N.D. Ill. 2000).

Next, Plaintiff argues that even if his complaint is subject to ERISA, either his state law claim should be "converted" to a federal claim under ERISA's civil enforcement provision or he should be given leave to amend his complaint to include an ERISA claim. The complaint makes no mention of ERISA and the typical remedy in the Eighth Circuit is to dismiss state claims unquestionably preempted by ERISA. *See, e.g.*, *Estes v. Federal Express Corp.*, 417 F.3d 870 (8th Cir. 2005); *Howard v. Coventry Health Care, Of Iowa, Inc.*, 293 F.3d 442 (8th Cir. 2002). Additionally, the local rules of this

Court required any motion to amend to be filed with a proposed amended complaint for the Court to consider. NECivR 15.1(a). Accordingly, defendant's motion to dismiss is granted. However, in the interests of justice, the plaintiff may file a motion for leave to amend his complaint, if any, on or before March 3, 2016.

IT IS ORDERED:

1. Defendant's motion to dismiss (filing 6) is granted.

2. Plaintiff may file a motion for leave to amend his complaint on or before March 3, 2016.

3. Failure to file a motion for leave to amend his complaint on or before March 3, 2016 may result in a final dismissal of the plaintiff's complaint without prejudice and without further notice.

Dated this 1st day of February, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge